UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. TRUSCHKE, JR., | No. 2:15-cv-0702 CKD P |
| Petitioner, | |
| v. | ORDER |
| SHASTA SUPERIOR COURT, et al., | |
| Respondents. | |

Petitioner is a state prisoner proceeding pro se who has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Petitioner has consented to this court's jurisdiction pursuant to 28 U.S.C. § 636(c) and Local Rule 302.

Petitioner has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

A habeas corpus petition is the correct method for a prisoner to challenge the legality or duration of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir.1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the petitioner; 2) state the facts supporting each ground; and 3) state

the relief requested.  Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error."  Rule 4, Advisory Committee Notes, 1976 Adoption; see Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977).  Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal.  Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Here, insofar as petitioner challenges the legality or duration of his confinement, the petition does not meet the requirements of Habeas Rules 2(c) and 4.  The legal and factual basis of his federal habeas claims are unclear.  Moreover, insofar as petitioner challenges the application of state sentencing law (i.e., the imposition of a "strike"), his complaint is not cognizable on federal habeas review.

Petitioner also alleges that his rights have been violated in prison.  A civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of confinement.  McCarthy v. Bronson, 500 U.S. 136, (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Habeas Rule 1, 1976 Adoption.  Thus plaintiff's allegations concerning "religious and spiritual persecutions" are not properly brought within this habeas action and are subject to dismissal.[1]

For these reasons, the petition will be dismissed.  Petitioner will be granted one opportunity to file an amended petition that complies with all applicable rules.

As petitioner's pending motions (ECF Nos. 7 & 8) are not contemplated by the Habeas Rules, they are inapposite and will be denied.

Accordingly, IT IS HEREBY ORDERED that:

 1.  Petitioner is granted leave to proceed in forma pauperis;

 2.  Petitioner's application for writ of habeas corpus is dismissed with leave to amend within thirty days from the date of this order;[2]

---

[1] Petitioner may re-file any claims concerning prison conditions in an action pursuant to section 1983.  Petitioner is advised that the statutory filing fee for such an action is $400.00.  28 U.S.C. §§ 1914(a), 1915(b)(1).  A section 1983 inmate plaintiff proceeding in forma pauperis is obligated to pay this fee in monthly installments from his or her prison trust account.

[2] By setting this deadline, the court is making no finding or representation that the petition is not

3. Any amended petition must bear the case number assigned to this action and the title "Amended Petition";

4. The Clerk of the Court is directed to send petitioner the court's form for application for writ of habeas corpus; and

5. Petitioner's motion for modification of sentence (ECF No. 8) and motion for order to show cause (ECF No. 9) are denied.

Dated:  May 12, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / trus0702.R4

---

subject to dismissal as untimely.

3